Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan Burr;<br><br>Plaintiff,<br><br>v.<br><br>Receivable Asset Management, Inc., d.b.a. Kramer & Associates; and National Credit Adjusters, LLC;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

**II. JURISDICTION**

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue

lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Receivable Asset Management, Inc. is a New Jersey corporation.
7. Defendant Receivable Asset Management, Inc. does business under the fictitious or trade name of Kramer & Associates ("Kramer").
8. Kramer is engaged in the business of a collection agency, using the mails and telephone to collect debts originally owed to others.
9. Kramer is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant National Credit Adjusters, LLC ("National") is a foreign limited liability company, with offices located within the state of Arizona.
11. National collects or attempts to collect debts which it claims to have purchased after default.
12. National is licensed as a third party collection agency by the Arizona Department of Financial Institutions, license number 0905844.
13. National is a "debt collector" as that term is defined by FDCPA § 1692a(6).
14. National uses third party debt collectors, including Kramer, to collect

1 consumer debts which have been assigned or purchased by National.
2  15. National is vicariously liable for the actions of Kramer when collecting
3       debts on its behalf.

### IV.  Factual Allegations

5  16. In 2015, Plaintiff was offered a payday loan over the internet from
6       Great Plains Lending LLC.
7  17. Great Plains is payday lender located outside the state of Arizona.
8  18. Great Plains offers high interest short-term loans (payday loans) to
9       Arizona consumers over the internet.
10 19. Plaintiff accepted the Great Plains loan.
11 20. The proceeds from the Great Plains loan were used primarily for
12      personal, family, or household purposes.
13 21. Plaintiff subsequently defaulted on his payments to Great Plains on the
14      account.
15 22. National claims that it purchased or was assigned the alleged debt for
16      collection purposes.
17 23. Prior to June 30, 2010, Arizona law allowed consumer lenders to make
18      high interest payday loans with Arizona consumers.
19 24. However, A.R.S. §§ 6-601 *et seq.* required such consumer lenders to be
20      licensed by the Arizona Department of Financial Institutions.
21 25. The Arizona law which permitted payday loans expired on June 30,
22      2010.
23 26. Any loan made by a consumer lender that is not licensed by the Ari-
24      zona Department of Financial Institutions, but is required to be, includ-
25      ing out-of-state lenders, is void.

27. At the time Great Plains lent money to Plaintiff, Great Plains was a consumer lender who was required to be licensed by the Arizona Department of Financial Institutions, but was not licensed. See A.R.S. §§ 6-601(5) and 6-603(A).

28. Thus, the payday loan issued by Great Plains to Plaintiff is void under A.R.S. § 6-613(B).

29. Sometime prior to October 27, 2015, National assigned the Great Plains debt to Kramer for collection purposes.

30. At the time National assigned the Great Plains debt to Kramer, National knew or should have known that the debt it was attempting to collect was void and not collectable under Arizona law.

31. Upon information and belief, at the time National assigned the Great Plains debt to Kramer, it communicated credit information to Kramer which was known to be false or which should be known to be false.

32. Upon information and belief, at the time National assigned the Great Plains debt to Kramer, National did not notify Kramer that the debt was void under Arizona law.

33. In the alternative, upon information and belief, at the time National assigned the Great Plains debt to Kramer, National notified Kramer that the debt was void under Arizona law.

34. On October 27, 2015, Kramer sent Plaintiff a collection letter in an attempt to collect the Great Plains debt.

35. In the letter Kramer states that the current creditor is National Credit Adjusters, LLC.

36. Kramer also states that the original creditor was Great Plain Lending

1      LLC.

2   37.   At the time Kramer sent the letter, the alleged debt was void and uncollectible under Arizona law.

4   38.   At the time it sent the letter, Kramer knew or should have known that the debt it was attempting to collect was void and not collectable under Arizona law.

7   39.   As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages.

## V. CAUSES OF ACTION

### a. FIRST CLAIM FOR RELIEF

### (Violation of FDCPA)

40. Plaintiff incorporates by reference paragraphs 1 though 39.

41. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

42. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a)   Actual damages to be determined by the jury;

    b)   Statutory damages to be determined by the jury;

    c)   Attorney's fees;

d) Costs and expenses incurred in this action; and

e) Such other relief as may be just and proper.

DATED  April 21, 2016  .

            s/ Floyd W. Bybee
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff